hPER CURIAM.
The writ application in 01-CC-2735 is granted for the sole purpose of entertaining the motion for voluntary dismissal, and the writ application in 01-CC-2757 is granted for the sole purpose of considering the viability of that application. For the reasons that follow, we now grant the motion for voluntary dismissal in 01-CC-2735, and dismiss the application in 01-CC-2757 as moot.
Complainant, Dane S. Ciolino, filed a complaint with the Louisiana Board of Ethics (“Board”) against various attorneys who prosecuted a lawsuit on behalf of the State of Louisiana against several tobacco manufacturers (hereinafter referred to as the “Louisiana Counsel”), alleging that the Louisiana Counsel violated La. R.S. 42:1101-1170. Subsequently, the Board and the Louisiana Counsel entered into a consent opinion that resolved the issue. Pursuant to La. R.S. 42:1142(A), complainant filed an application with the Board seeking to appeal that consent opinion to the Court of Appeal, First Circuit.[1] The Board denied the application, finding complainant lacked standing to appeal under the statute. Complainant applied to the court of appeal for supervisory review of the Board’s decision denying his application for appeal. The court of appeal granted the writ and ordered the Board to grant complainant’s application for appeal to the court of appeal and to set a return date.
laBoth Louisiana Counsel and the Board applied to this court for review of the court of appeal’s judgment. While the applications were pending in this court, complainant voluntarily dismissed with prejudice at the Board level his application to appeal the consent opinion.
The Louisiana Counsel then filed a motion for voluntary dismissal with prejudice of its writ application in this court, 01-CC-2735. The Board, on the other hand, directed correspondence to this court indicating that it does not seek to dismiss its writ application, 01-CC-2757, and urging this court to consider the merits of the application.
In light of complainant’s dismissal with prejudice of his application to appeal the Board’s consent opinion, there is no live issue for this court to resolve. See St. Charles Parish Sch. Bd. v. GAF Corp., 512 So.2d 1165 (La.1987) (on rehearing). Without passing on the correctness of the court of appeal’s judgment or its opinion (which addresses what is now a moot issue), Louisiana Counsel’s motion for voluntary dismissal of its writ application, 01-CC-2735, is hereby granted, and the application filed by the Louisiana Board of Ethics, 01-CC-2757, is dismissed as moot.

. La. R.S. 42:1142(A) provides that an action of the Board may be appealed to the court of appeal if an application to the Board for appeal is made timely.